UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSEANN FLAGIELLO, on her own behalf and
others similarly situated,

       Plaintiff,

-vs-                 Case No.  2:10-cv-687-FtM-29SPC

BREAKERS RESTAURANT, LLC., a Florida
limited liability company, doing business as
PORTOFINOS,

       Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This matter comes before the Court on Plaintiff's Renewed Motion and Memorandum of Law to Approve Settlement Agreement pursuant to the Court's Order of June 24, 2011 (Doc. # 29) filed on July 21, 2011. Plaintiff moves the Court to approve the Parties' settlement agreement and dismiss this action with prejudice. As grounds, Plaintiff states: the settlement represents a fair compromise of the Plaintiff's claims; the Plaintiff made an informed decision and instructed her counsel to settle this matter; Counsel has reduced their fee to effectuate settlement; and that Counsel's fee is proportionate to Plaintiff's settlement. (Doc. # 29, p. 6-9). Therefore, this Motion is now ripe for review.

   In determining whether the settlement is fair and reasonable, the Court applies the factors found in <u>Leverso v. South Trust Bank of Ala. Nat. Assoc.</u>, 18 F.3d 1527, 1531 n. 6 (11th Cir. 1994):

   (1) the existence of collusion behind the settlement;

    (2) the complexity, expense, and likely duration of the litigation;

    (3) the stage of the proceedings and the amount of discovery completed;

    (4) the probability of plaintiff's success on the merits;

    (5) the range of possible recovery; and

    (6) the opinions of counsel.

See also Hamilton v. Frito-Lay, Inc., No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Cotton v. Hinton, 559 F. 2d 1326, 1331 (5th Cir. 1977).

    On November 16, 2010, Plaintiff filed a Complaint alleging violations of wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), against Defendants. (Doc. # 1). Based on her recollection of the hours Plaintiff worked, she originally estimated her damages to be $4,845.00 in unpaid wages. (Doc. # 20). Following the settlement conference, Defendants' counsel made an offer to settle the case for $3,100.00, with $500.00 in actual damages, $500.00 in liquidated damages, and $2,100.00 in fees. Subsequently, the Parties' original Motion to Approve Settlement Agreement (Doc. # 24) was filed on June 15, 2011. The Court entered an Order on June 24, 2011 (Doc. # 28) denying that Motion.

    In its Renewed Motion and Memorandum of Law to Approve Settlement Agreement (Doc. # 29), the Plaintiff argues the Court misunderstood the settlement and fee structure because the original claim was erroneously listed as $14,845.00, instead of $4,845.00. Thus, Plaintiff contends that the fees and settlement amounts are reasonable. However, the District Court was clear in its Order (Doc. # 28), that the reason for denying the settlement was because during the discovery and court ordered settlement conference, the merits of the claim were severely

undermined. The Court said it could understand paying Plaintiff $500.00 as a "nuisance value," but could not justify $2,100.00 in attorney fees for merely reviewing documents in a case that lacked evidence of an FLSA violation. The Court also stated, "[it] declines to approve an award of attorney fees and costs which is three times the amount Plaintiff would receive under the facts set forth in this case." (Doc. # 28, p. 2). Additionally, Plaintiff's counsel was reminded that under Fed. R. Civ. P. 11(b)(3), they have a pre-filing obligation to make a reasonable inquiry into the merits of the case as to the evidentiary support of the factual contentions, which they clearly failed to do. (Doc. # 28, p. 2).

In this case, the Court reviewed Plaintiff's arguments set forth in her Motion and again finds there is no good cause to grant approval of the Parties' settlement agreement. In the Court's determination of whether the settlement is fair and reasonable, it considered that there is a low probability of Plaintiff's success on the merits of this case, when even "the parties agreed that the likelihood of Plaintiff prevailing at trial with respect to her claims is questionable, and her possible range of recovery is also in doubt." (Doc. # 26). The Court also considered that the Parties did not fulfill their pre-filing obligation to make a reasonable inquiry into the merits of this case as to the evidentiary support of the factual contentions set forth under Fed. R. Civ. P. 11(b)(3). In sum, the Plaintiff presented nothing new that would alter the District Court's previous ruling. Therefore, because Plaintiff brought a claim which lacks sufficient evidence of an FLSA violation which is not likely to succeed on the merits, the Court recommends that Plaintiff's Motion to approve an award of attorney fees and costs be denied. Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

Plaintiff's Renewed Motion and Memorandum of Law to Approve Settlement Agreement pursuant to the Court's Order of June 24, 2011 (Doc. # 29) should be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this   1st    day of August, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record