UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ROSEANN FLAGIELLO, on her own
Behalf and others similarly situated,

    Plaintiff,

  v.                           CASE NO.: 2:10-cv-687-FtM-29SPC

BREAKERS RESTAURANT, LLC., a
Florida limited liability company d/b/a
PORTOFINOS,

    Defendant.
_____/

**PLAINTIFF'S OBJECTIONS AND RESPONSE TO THE REPORT AND
RECOMMENDATION DATED AUGUST 1, 2011,
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Roseanne Flagiello, pursuant to the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and this Court's Report and Recommendation dated August 1, 2011, [D.E. 30], hereby respectfully files her written objections to the Court's August 1, 2011, Report and Recommendation and states as follows:

**INTRODUCTION**

Plaintiff, Roseanne Flagiello, is a blue collar worker who suffered financial hardship after her employer refused to pay her for off-the-clock hours worked at Defendant's restaurant. In the Fall of 2010, Ms. Flagiello sought the help of Morgan & Morgan, P.A. to assist her in the recovery of these wages. Before Mrs. Flagiello's case was ever accepted by the firm, Morgan & Morgan conducted an extensive screening process to ensure the viability of Plaintiff's Fair Labor Standards Act claims. Following this process, Plaintiff's counsel sent a pre-suit demand to Defendant requesting proper payment of all wages owed. Plaintiff's demand was ignored and Plaintiff was left

with two choices: proceed with the filing of a lawsuit or allow the Defendant to get away with wage theft. Plaintiff chose to defend her rights.

After the lawsuit was filed and pursuant to this Court's FLSA scheduling order, counsel for the parties met in April 2011 to determine whether the parties would be able to resolve their differences. Because Ms. Flagiello's claims were based on off-the-clock work, and the evidence exchanged by the parties suggested that litigation of this matter would be costly in comparison to the amounts sought, the parties, after having ample opportunity to consult with their counsel, reached a reasonable resolution of Plaintiff's claims. The parties have now submitted their proposed Agreement twice for the Court's approval, yet to no avail. Instead the Court has twice alluded to its belief that Plaintiff's claims are meritless, despite the absence of any record evidence suggesting the same and despite ample support that the amounts payable under the agreement are a fair and reasonable resolution for all parties involved in this litigation.

Therefore, Plaintiff respectfully objects to the August 1, 2011, Report and Recommendation and requests that this Honorable Court approve the parties' settlement agreement and dismiss this matter so that the parties to this litigation may finally put their disputes to rest.

## NATURE OF THE CASE

1. This is an "off-the-clock" case under the Fair Labor Standards Act in which Plaintiff initially estimated she was owed approximately $4,845.00 in unpaid overtime wages. [D.E. 26]; [D.E. 29].

2. Prior to the filing of Plaintiff's case, Morgan & Morgan, P.A. conducted a 5-step screening process to ensure the viability of Plaintiff's claims, as discussed in further detail below.

3. After successfully completing this screening process, and following Defendant's refusal to respond to Plaintiff's pre-suit demand for payment, this case was filed on November 16,

2010, by Kelly Amritt, Esq. The undersigned, Christina J. Thomas, Esq., joined Morgan & Morgan, P.A. in January 2011, and this case was reassigned to Ms. Thomas in February 2011 following Ms. Amritt's departure from the firm. Immediately upon reassignment of this matter, the undersigned completed a second review of the file to determine the strengths and weaknesses of Plaintiff's claims as well as familiarize herself with the disputed issues. Shortly thereafter, the undersigned participated in the Court-mandated settlement conference which is where the parties' serious settlement discussions began.

4. Following the parties' settlement conference and an exchange of relevant documents in this case, Plaintiff instructed the undersigned to settle her claims for a total payment of $3,100, of which Plaintiff would receive $1,000 in damages and Plaintiff's counsel would receive $2,100 ($1,515.71 in fees and $584.29 in costs). *See* [D.E. 29-1]. Prior to settling this matter, the undersigned discussed with Plaintiff the strengths and weaknesses of her case and explained that, like any case in which a jury decides the ultimate issues of fact, the amount of Plaintiff's recovery would be uncertain because a bona fide issue of fact existed as to the amount of hours Plaintiff actually worked.. Plaintiff understood these risks and instructed her counsel to settle this matter for the amounts stated above. *See id.*

5. Thereafter, the parties reached an agreement and on June 15, 2011, filed a Joint Stipulation requesting that the Court approve the settlement agreement and dismiss the case with prejudice. [D.E. 24].

6. On June 24, 2011, this Court entered an Order denying the parties' Motion [D.E. 22]. In support thereof, the Court specifically held that "the merits of the claim were severely undermined," based on the assumption that Plaintiff's claims were worth $14,845.00, even though they are only estimated at $4,845.00. *Id.* The Court also stated that it could not approve "an award

3

of attorney fees and costs which is three times the amount Plaintiff would receive." *Id.* Finally, the Court noted that the parties' original motion to approve contained language suggesting that Plaintiff's "likelihood of recovery was questionable" and that Plaintiff's counsel had made no showing that a reasonable investigation had been conducted prior to the filing of the instant action. *Id.* at n. 2.

7. On July 21, 2011, Plaintiff filed a Renewed Motion for Settlement Approval. [D.E. 29]. Plaintiff clarified for the Court the actual amounts payable to the parties (as stated in Paragraph 1 above) and provided an affidavit executed by the Plaintiff with an explanation as to why Plaintiff instructed her attorney to compromise her claims. *Id.* Plaintiff's counsel also offered legal authority in support of the parties' contention that the recovery/fee ration was reasonable under the circumstances. *Id.*

8. On August 1, 2011, the Honorable Sheri Polster Chappell issued her Report and Recommendation and specifically stated the following: "In the Court's determination of whether the settlement is fair and reasonable, it considered that there is a low probability of Plaintiff's success on the merits of this case." The Court also "considered that the Parties did not fulfill their pre-filing obligations to make a reasonable inquiry into to the merits of this case." [D.E. 30]. Finally, the Court stated that "because Plaintiff brought a claim which lacks sufficient evidence of an FLSA violation which is not likely to succeed on the merits, the Court recommends that Plaintiff's Motion to approve an award of attorney fees and costs be denied."

9. Plaintiff respectfully objects to the Court's Report and Recommendation in its Entirety and requests that the Court enter an Order approving the Parties' Settlement Agreement as written.

## OBJECTIONS

I.   **Viability of Plaintiff's Claims.**

Plaintiff has always maintained the viability of her claims and to the extent that the Court interprets the parties' prior statements otherwise, Plaintiff wishes to clarify this point. First, the parties never represented to the Court that there was a low probability that Plaintiff would prevail in this matter. Instead, the parties explained that because of the uncertainty associated with proceeding with litigation, that the Defendant wished to minimize its exposure and Plaintiff wished to guarantee at least some recovery while minimizing the costs of having to travel back and forth from out of state to attend the events necessarily associated with civil litigation. [D.E. 26]; [D.E. 29, 29-1]. In fact, the parties engaged in meaningful settlement discussions precisely because there existed a bona fide issue in dispute as to the actual amount of hours worked by the Plaintiff. *Id.* Specifically, after a review of the documentary evidence, which was not produced by the Defendant until after the litigation was commenced, the parties realized that a determination of the disputed issues in this case would necessarily depend on establishing the actual number of off-clock-hours worked. In other words, the issue was never whether Plaintiff would be able to recover, but rather the uncertainty of any recoverable amounts given the fact that Plaintiff was claiming compensation for hours in excess of those included on Defendant's pay and time records. During the arms' length discussions among the parties, Defendant indicated that it was prepared to present multiple witnesses for the sole purpose of rebutting Plaintiff's legitimate testimony regarding the hours she worked. Therefore, Plaintiff made an informed decision to compromise her claims. *See id.*

Second, in the context of settlement approval, the Eleventh Circuit offered the following justification for a compromise of claims in a case such as this: "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, **such as FLSA coverage or computation of back wages that are actually in dispute**, we allow the district court to approve the settlement in order **to promote the policy of encouraging settlement of litigation**." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982)(emphasis added). This is exactly the situation here and the record evidence shows that a bona fide dispute exists as to the computation of back wages. For example, in her sworn responses to the Court's Interrogatories Plaintiff provided detailed information as to her days and hours worked. [D.E. 20-1]. This information was reiterated in the Parties' Joint Motion for Settlement Approval. [D.E. 26]. It was precisely because of this disputed issue that "the Plaintiff and Defendant acknowledge[d] the risks of further litigation and the benefits of compromise." *Id.* Even the Parties' Agreement provides that the parties "acknowledge that this settlement is a compromise of a disputed claim." *Id.* at Exhibit A.

Therefore, Plaintiff respectfully requests that the Court reject the portions of the Report and Recommendation that find that Plaintiff's claims lack merit and asks instead that the Court find the parties' settlement to be a reasonable compromise of the real and disputed issues in this case.

**II.     Morgan & Morgan Puts Clients Through Five (5) Levels of Screening Prior to Filing A Suit on Their Behalf.**

Morgan and Morgan's system for investigating Wage and Hour complaints prior to filing same is like no other in the country. When a potential claimant contacts our firm, she is initially interviewed by a non-lawyer intake specialist who is trained to screen claimant's for basic information to determine whether an actionable claim exists. Once a potential claimant proceeds to the next level of screening, she meets with one of two former United States Department of Labor Investigators who are retained by Morgan and Morgan. During this meeting, the Department

of Labor investigator reviews the specific details of the client's employment, any pay and time records in the client's possession, and secures the identity and contact of potential witnesses (if in the client's possession) to support Plaintiff's claims in order to examine the viability of any possible exemptions or defenses to the client's claims.  Based upon their experience in, and knowledge of, FLSA litigation, each investigator, upon completing his/her investigation makes a determination as to whether the claimant has a viable claim for wages on whose behalf Morgan and Morgan will litigate. Thereafter, a separate Morgan and Morgan retention investigator is sent to meet with the client to discuss the terms of the retainer and secure any additional information and documents in the client's possession that were requested and/or identified by the Department of Labor investigator during their portion of the claimant screening.

Once a client retains Morgan and Morgan to represent his/her interests moving forward in FLSA litigation, the client's "complaint package" is forwarded to the Employment and Labor Division Head, Richard Celler, Esq. who reviews the client's materials and information and then assigns the case to one of the Morgan and Morgan Wage and Hour attorneys in the division.  It is important to note that as part of his cursory review of each file, Mr. Celler annotates the client's documents with inquiries or concerns (such as possible defenses) that may arise.  Once Mr. Celler assigns the case to a particular attorney in the division, the attorney is then responsible for contacting the client and conducting a detailed interview/investigation of all pay and time records, possible witnesses, and strengths and weaknesses of the case with the client.  Only once the attorney is satisfied that a viable claim exists is a Complaint prepared and litigation proceeds.  All of these steps were completed in this case.

Additionally, prior to the filing of this lawsuit, Kelly Amritt, Esq. sent a pre-suit demand letter in an effort to resolve this matter without the additional fees and costs associated with

litigation. Her efforts were ignored by the Defendant and the relevant pay and time records remained in Defendant's possession until they were ordered to be produced by this Honorable Court. Therefore, Plaintiff and her counsel are confident in the viability of Plaintiff's claims based on the pre-suit investigation of this matter, even though they recognize the inherent risks associated with litigation, and Plaintiff respectfully requests that the Court reject the portions of the Report and Recommendation finding otherwise.

### III. Plaintiff Objects to the Extent that the Court Seeks to Modify the Terms of the Parties' Agreement as to the Payment of Fees and Costs.

Despite Plaintiff's counsel's previous representations that the fees incurred on behalf of Plaintiff in the litigation of this matter are in excess of $5,400.00, the Court has recommended that "Plaintiff's Motion to approve an award of attorney fees and costs be denied." [D.E. 30].[1] However, Plaintiff has asked the Court to approve the *parties' entire agreement* as written. [D.E. 26]; [D.E. 29]. To the extent that the Court intends to modify the parties' agreement, Plaintiff respectfully requests that the Report and Recommendation be denied.

In the instant matter, a settlement agreement was negotiated and executed between all parties which dictated the amounts to be received by Plaintiffs and Plaintiffs' counsel for attorneys' fees and costs. Under both Federal and State law, "Courts are not permitted to modify settlement terms or in any manner to rewrite the agreement reached by the parties." *Holmes v Continental Can Co.*, 706 F.2d 1144, 1160 (11th Cir. 1983); *Jeff D. v. Andrus*, 899F.2d 753, 758 (9th Cir. 1989) (citing *Evans v. Jeff D.*, 475 U.S. 717, 727 (1986) ("The court's power to approve or reject settlements does not permit it to modify the terms of a negotiated settlement.") *Corwin v. Cristal Mizner's Preserve*

---

[1] With respect to the reasonableness of Plaintiff's counsel's fees and costs, Plaintiff reincorporates and realleges the arguments raised in the Parties' Joint Motion to Approve Settlement, [D.E. 26], as well as Plaintiff's Renewed Motion to Approve Settlement [D.E. 29]. Should the Court require additional information regarding the fees and costs incurred in this matter, the undersigned will gladly provide a copy of Morgan & Morgan's fee and cost ledger for this matter.

8

*Limited Partnership*, 812 So.2d 534, 536 (Fla. 4th DCA 2002) (citing *Jacobs v. Petrino*, 351 So.2d 1036, 1039 (Fla. 4th DCA 1976) ("It is axiomatic that courts can not add or rewrite the terms of agreements between parties"); *see also AC Associates v. First National Bank of Florida*, 453 So.2d 1121, 1129 (Fla. 2d DCA 1984) ("[t]he role of the courts is not to make an otherwise valid contract more reasonable or less reasonable from the standpoint of one contracting party").

Based on the above described case law, the Report and Recommendation may only approve or reject the settlement, not add or alter terms as it recommends. Therefore, Plaintiff requests that the Court reject the Report and Recommendation and dismiss the case pursuant to the terms described in the Parties' Agreement and Joint Motion for Approval.

**IV.     Reasonableness of Plaintiff's Fees.**

Finally, the fact that attorney's fees and costs exceed Plaintiff's recovery in this case should not warrant rejection of the settlement in its entirety. "Given the nature of claims under the FLSA, it is not uncommon that attorney's fee requests will exceed the amount of the judgment in the case." *Holyfield v. F.P. Quinn & Co.*, No. 90 C 507, 1991 WL 65928, at *1 (N.D.Ill. Apr.22, 1991) (**awarding $6,922.25** in fees and costs where the plaintiff had obtained a **judgment for $921.50**); *See also Macklin v. Delta Metals Company, Inc.*, Case 2:08-cv-02667-JPM-cgc, Doc. 58 Filed 07/06/11 (W.D. Tenn 7/6/11)( Fee and cost award of **$48,802.02** where Plaintiff **awarded $300.15**); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir.1994) (affirming **award of $7,680** in overtime compensation and **$40,000 in attorneys' fees**); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir.1990) (affirming an **award of $1,181** in overtime compensation and **$9,250 in attorneys' fees**); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir.1983) (affirming **award of $18,455** in damages and **$100,000 in attorneys' fees**). This case is no different. Plaintiff's damages simply are not exorbitant.

Additionally, pursuant to *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), *this Court* has previously found similar FLSA Settlement Agreements to be fair and reasonable under similar fee/recovery structures. *See Pritchard v. Merrill Gardens, LLP*, Case. No. 2:11-cv-22-FtM-29DNF, Docket Entry Nos. 32, 33 (M.D. Fla. 2011) (approving settlement allocating **$1,000** to Plaintiff in damages and **$2,400 in fees and costs**); *see also Mastroianni v. Green Care Landscape Services, Inc., et al.,* Case No. 2:10-cv-691-FtM-36DNF, Docket Entry No. 38 (M.D. Fla. 2011) (recommending approval of settlement allocating **$1,500** to Plaintiff in damages and **$2,500 in fees and costs**). Therefore, Plaintiff requests that the Court reject any portion of the Report and Recommendation that suggests unreasonableness based solely upon the ratio of Plaintiff's recovery to the fees payable to her counsel.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court reject the August 1, 2011 Report and Recommendation in its entirety and approve the parties' settlement agreement as written based on the information provided herein as well as in the parties' previous motions for approval. Should additional information be required, the undersigned is more than willing to provide the same to the satisfaction of this Honorable Court if it means that she will be able to execute her client's wishes and resolve this matter fully and finally.

Respectfully submitted this 15th day of August, 2011,

**/s/ CHRISTINA J. THOMAS**
Christina J. Thomas, Esq.
Florida Bar No. 74846
MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, Florida 33314
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
E-mail: cthomas@forthepeople.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system which I understand will send a copy to all counsel of record on this 15th day of August, 2011.

**/s/ CHRISTINA J. THOMAS**
Christina J. Thomas, Esq.