```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ROSEANN FLAGIELLO, on her own behalf
and others similarly situated,

                      Plaintiff,

vs.                                Case No. 2:10-cv-687-FtM-29SPC

BREAKERS RESTAURANT, LLC., a Florida
limited liability company, doing
business as PORTOFINOS,

                      Defendant.
_____

## **OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #30), filed August 1, 2011, recommending that plaintiff's Renewed Motion and Memorandum of Law to Approve Settlement Agreement Pursuant to the Court's Order of June 24, 2011 (Doc. #29) be denied. On August 15, 2011, plaintiff filed Objections and a Response (Doc. #31). Defendant did not file objections or a response.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the

district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

On June 24, 2011, the Court denied a Joint Motion For Approval of Settlement Agreement, and Upon Court Approval, for Dismissal of the Action With Prejudice.  (Doc. #28.)  The Court found the amount of attorney fees and costs was unreasonable because no information was provided in support, and the award would be three times the amount plaintiff would receive under the facts of the case as presented by the parties.  On July 21, 2011, plaintiff filed a Renewed Motion to Approve Settlement Agreement (Doc. #29) arguing that the Court relied upon incorrect figures because the parties' original motion contained a typographical error of $14,535.00 in

damages when the damages never exceeded $4,845.00[1]. Plaintiff further argued that plaintiff made an informed decision and instructed her counsel to settle the matter for the $1,000.00 offered. Counsel argues that she significantly reduced her fees to $1,515.71, from $5,400.00 in fees for actual hours worked, and that $584.29 in costs was incurred. Counsel further argued that the disproportionate amount of fees is not uncommon in civil rights cases. On August 1, 2011, the Magistrate Judge issued a Report and Recommendation (Doc. #30) recommending that the motion be denied.

Plaintiff objects that the claims are viable and that "because of the uncertainty associated with proceeding with litigation", defendant wished to minimize its exposure and plaintiff wished to guarantee at least some recovery while minimizing costs of travel because she moved out of state.  Plaintiff also argues that the firm puts clients through a 5 level screening with investigators and lawyers, prior to filing suit.  Plaintiff objects to any modification of some terms of the parties' agreement, and argues that the fees requested are reasonable.

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court unenthusiastically rejects the Report and Recommendation of the magistrate judge and sustains the objections.

---

[1]The attached Declaration of Roseann Flagiello (Doc. #29-1) now states that the company owed her approximately $1,485.00.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #30) is hereby **rejected**.

2. Plaintiff's Objections (Doc. #31) are **sustained**.

3. Plaintiff's Renewed Motion and Memorandum of Law to Approve Settlement Agreement Pursuant to the Court's Order of June 24, 2011 (Doc. #29) is **granted** and the Settlement Agreement and Plaintiff's Full and Final Release of Claims for Unpaid Wages is **approved** as fair and reasonable.

4. The Clerk shall enter judgment dismissing the case with prejudice, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of December, 2011.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record
Unrepresented parties